FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 14 2018

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT

**BETTY JACKSON**                                                        **PLAINTIFF**

**VS.**                                                  **CASE NO.:** 5:18cv43-BSM

**SIGNODE INDUSTRIAL GROUP, LLC**
**D/B/A SHIPPERS PRODUCTS**                                          **DEFENDANT**

### COMPLAINT

Comes now the Plaintiff, Betty Jackson, by and through counsel Yarbrough Law Firm,

P.L.L.C., and as for her Complaint, states the following:

This case assigned to District Judge _Miller_
and to Magistrate Judge _Ray_

### I. PRELIMINARY STATEMENT

This is an action for declaratory, injunctive, and monetary relief, brought by the Plaintiff,

Betty Jackson, against her employer, The Signode Industrial Group, LLC, d/b/a Shippers Products

(Shippers). Plaintiff worked for Shippers, and as Plaintiff asserts more specifically as set out

below, she has been subjected to unlawful discrimination on the basis of gender and age, all in

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000E, et seq., as amended by

the omnibus Civil Rights Act of 1991; the Civil Act of 1866, 42 U.S.C. §§1981 and 1983, the

Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States of

America; the Arkansas Civil Rights Act of 1993, Arkansas Code Annotated §16-123-101 et. seq,

Plaintiff maintains that the deprivations and violations of her constitutional rights were carried out

pursuant to the rules, customs, practices, and policies of Defendant by and through its employees,

supervisors, and directors, and that, while acting as agents of Defendant, knowingly caused

Plaintiff to be deprived of her constitutional rights. In addition, the Plaintiff alleges that she

suffered retaliation under state and federal law because she asserted her rights to file grievances

against her employer. That such acts are imputed to Defendant. That the employees, supervisors,

1

and directors acted as agents of the Defendant. That Plaintiff, at all times relevant hereto, was an employee of Defendant Shippers.

## II. JURISDICTION AND VENUE

1.      This Court has jurisdiction to hear Plaintiff's claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e 5(f)(3), which provides for injunctive and remedial relief from discrimination on the basis of equal pay, and/or gender. Jurisdiction of the Court is also invoked pursuant to 28 U.S.C. §1343 (3) and (4), to hear Plaintiff's claims of deprivation of rights guaranteed by the Constitution and 42 U.S.C. §§1981 and 1983, which provide for the equal rights of all citizens, regardless of gender; this Court has jurisdiction of state law claims under pendent jurisdiction of the courts.

2.      Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"), claiming discrimination on the part of Shippers, a true and correct copy attached hereto as Exhibit A, and received a Right-to-Sue Letter from the EEOC within 90 days of this Complaint, a true copy of which is appended hereto as Exhibit B.

3.      Venue is proper in this District and Division

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because Plaintiff resides in this district and because the Defendant's place of business is in this district.

## III. THE PARTIES

5.      Plaintiff is an African-American female, 48 years of age, and is a citizen of the United States and a resident of Dallas County, Arkansas. At all times pertinent hereto, she was employed with Shippers, located at 300 S. Edgar St., Fordyce, Arkansas, 71742.

6.      Defendant is Signode Industrial Group, LLC, d/b/a Shippers Products (formally Illinois Tool Workers, Inc., d/b/a ITW Shippers), and is a foreign limited liability company whose

2

principal place of business located in Glenview, Illinois. The registered agent for service is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas, 72201. Gerald Castleberry is and at all times relevant hereto has been a supervisor and plant manager for Shippers.

7.      That Jeff Maness worked for Defendant as Plant Manager prior to Gerald Castleberry.

8.      That Wayne Hall, at all times relevant hereto, worked as a production supervisor for Shippers.

9.      That Roger Pugh, at all times relevant hereto, worked as Human Resources Director for Shippers.

10.     That Kelly Forrest (Whittaker) was at all times relevant hereto, Plaintiff's Human Resources Manager.

11.     That Richard Madison, was at all times relevant hereto, a Group Leader for Defendant. That Madison and Plaintiff worked on the same shift at one time.

12.     That Tom Ketzer, at all times relevant hereto, was the Vice President and General Manager for Shippers.

13.     That Defendant Shippers was at all times relevant hereto, Plaintiff's employer and all such acts of the its employees, managers, and supervisors, are imputed to the Defendant under the doctrine of Respondeat Superior.

14.     All acts and conduct complained of herein took place in and Fordyce, Dallas County, Arkansas.

## IV. THE FACTS

15.     Plaintiff was employed with Defendant on or around April 7, 1997, and was terminated on or around January 13, 2016. At the time of termination, Plaintiff was employed as a Lead Tester.

16.     Plaintiff worked at Shippers as a forklift driver.

17.     That Plaintiff worked on various shifts with male employees. That at one time, Plaintiff worked on the same shift with Richard Madison, a group leader. That Madison made sexual statements to Plaintiff and showed her a picture of his penis that he had in his phone. That Madison asked Plaintiff for sex and offered to pay for sex with Plaintiff. That Plaintiff reported such conduct to Gerald Castleberry, Plant Manager, who failed to make any reports or conduct any investigation regarding Plaintiff's claims of sexual harassment.

18.     That no investigation was completed, and no report was made on Plaintiff's behalf. That Plaintiff requested another shift so that she would no longer work alongside Madison. That Plaintiff complained to Jeff Maness that Madison sexually harassed her; however Maness failed to make any reports or investigate and stated that he would believe his supervisors and group leaders instead of Plaintiff.

19.     That Plaintiff states that when female employees requested of the group leader to provide them assistance with performing a job, that the requests would be ignored, and no one would help; however, when male employees made the request for assistance, the request would be honored.

20.     That when Castleberry was Plaintiff's group leader, Plaintiff requested that Castleberry send her assistance while working as a trucker. That a male employee cursed Plaintiff and Castleberry took no action; yet blamed Plaintiff for the male employee's behavior. That

Plaintiff subsequently filed a grievance against Castleberry. After Plaintiff filed such grievance, Castleberry imposed a strict quota upon Plaintiff to wrap approximately 88 boxes a day. That Plaintiff was isolated and not allowed to rotate to any other area or fill in other positions as lead trucker, although she was qualified to do so. No other employee was given the quota. That such behavior by Castleberry amounts to retaliation against federal and state law. Such quota was imposed until Plaintiff went to another shift.

21.    That after Plaintiff had filed the grievance against Castleberry, male employees were placed ahead of Plaintiff in rank, although she was most qualified. That Plaintiff was qualified to serve as "stretch wrap" whenever the lead person was absent or took vacation. That the individual filling-in as "stretch wrap" would also receive the increased pay for the time-period in which they substituted for the lead worker. That Plaintiff was denied such opportunities after filing her grievance.

22.    That male employees were not fired for violation of company policies. That male employees have wrecked forklifts, use forklifts for their personal benefit, and cursed female employees and receive no reprimands.

23.    That furthermore, younger female employees in their twenties received better treatment than Plaintiff. That such younger females were rarely reprimanded for company violations, and were allowed to drive forklifts without proper training.

24.    Plaintiff had nearly twenty (20) years of experience as a worker at Shippers at the time of termination. Plaintiff had a record of performing satisfactory work and reported to work on a consistent and regular basis, health permitting.

25.    That Plaintiff requested vacation on or around December 2016, which would be utilized during the holidays. Plaintiff requested vacation time during December 21 – January 6,

which includes holidays, regularly scheduled days off, and weekends. Therefore, she would not be working on December 21-22, December 28-29, and January 3-5, which totals approximately 7 working days.

26.     That on December 20, 2016, Plaintiff inquired of Wayne Hall as to whether her previously requested vacation days were approved. Mr. Hall then informed Ms. Jackson that she was approved. Plaintiff then requested a printout of the vacation request from Mr. Hall and was not given a printout; however, Mr. Hall assured her that she had been approved for all the days.

27.     Pursuant to the Employee Handbook under the Vacation provision, (pg 30) employees must fill out a vacation request form and turn it into a supervisor for approval. Ms. Jackson followed the guidelines as set forth:

> 1) Filled out a vacation request for and turned it in to her supervisor for approval.
> 2) Allowed the supervisor to review the request.
> 3) Allowed human resources to review the request.
> 4) Followed up with her supervisor to ensure approval.

28.     Defendant's handbook states that these are the appropriate steps that an employee must take to prevent miscommunications. Plaintiff took the appropriate precautionary measures; however, it resulted in her termination. According to Defendant's handbook, Plaintiff had no further duty to inquire to another individual other than her immediate supervisor concerning her vacation approval. Plaintiff should not have been terminated after taking the proper steps to avoid confusion.

29.     Additionally, under the Attendance and Reporting for Work Clause, Defendant's handbook states as follows:

> "If an employee's absenteeism becomes excessive, the employee's supervisor and/or human resources will work with the employee to try to correct the problem."

6

30.     That Defendant failed to correct the problem by automatically terminating Plaintiff, a twenty (20) year employee. Plaintiff stated to Defendant that if she had known that the days were not approved, she would have reported to work as she normally did, or would have taken personal leave without pay. Plaintiff was not given such options.

31.     Plaintiff communicated directly with her supervisor, Hall, who assured her that she had been approved for vacation.

32.     Plaintiff was not in direct violation of any company policy, but was terminated.

33.     That such differential treatment is discriminatory and a violation of Plaintiff's civil rights.

### V. DEMAND FOR JURY TRIAL

34.     Plaintiff hereby demands a trial by jury.

### VI. PRAYER FOR RELIEF

Wherefore, in consideration of the foregoing, Plaintiff prays that this Court, after service of Complaint upon Defendant, direct the clerk to set this matter for trial; and upon trial and verdict thereon, prays for this Court to issue a Judgment:

a.     Finding that the acts and conduct of Defendant towards this Plaintiff constitutes unlawful discrimination based on age and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, et. seq., as amended by the omnibus Civil Rights Act of 1991, 42 U.S.C. §1981.

b.     Finding that the acts and conduct of Defendant towards this Plaintiff constitutes unlawful discrimination on the basis of age and gender and that Plaintiff is entitled to back-pay dating to on or around January 13, 2016.

c.      Finding that the acts and conduct of Defendant towards this Plaintiff constitutes

unlawful discrimination on the basis of gender in violation of Arkansas Civil Rights Act, Arkansas

Code Annotated §16-123-101 et seq.;

d.      Find that the acts of Defendant, taken after protected activity, constitutes retaliation;

e.      Awarding Plaintiff punitive damages in an appropriate amount; Ordering that

Plaintiff be promoted to positions appropriate for her experience, expertise and length of

employment, and awarding her back pay and benefits she would have attained absent unlawful

discrimination;

f.      Permanently enjoining Defendant, its agents, successors, officials, and employees

from engaging in policies and practices complained of herein;

g.      Awarding Plaintiff hers costs in bringing this action, including a reasonable

attorneys' fee, pursuant to Title VII, and the Civil Rights Attorneys' Fee Awards Act, 42 U.S.C.

§1988;

h.      Granting all other relief to which she is entitled.

Respectfully submitted,

Betty Jackson

BY:      _____

Jessica S. Yarbrough (2010048)

Yarbrough Law Firm, PLLC
711 S. Linden St.
P.O. Box 1474
Pine Bluff, AR 71613
870.247.2826 Phone
870.663.4266 Fax
jessica@yarbroughfirm.com

## **VERIFICATION**

STATE OF ARKANSAS              }

                                             }

COUNTY OF Jefferson          }

Comes now Betty Jackson, Petitioner herein, and states on oath that the facts set forth in the

foregoing instrument are true and correct to the best of her knowledge, information and belief.

Dated this __12th__ day of __February__ 2018.

_Betty Jackson_
Betty Jackson

WITNESS my hand and seal this __12th__ day of __February__, 2018.

_Stefan Liddell_

NOTARY PUBLIC

STEFAN LIDDELL
NOTARY PUBLIC
PULASKI COUNTY, ARKANSAS
COMM. EXP. 03/16/2026
COMMISSION NO. 12696814

My commission expires:

(SEAL)

EEOC Form 5 (11/09)

*EX. A*

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | *Amended*<br>493-2017-00544 |
| | | and EEOC |

RECEIVED MAR 14 2017 U.S. EEOC LRAO

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mrs. Betty J. Jackson** | **(870) 352-8138** | **1968** |

Street Address   City, State and ZIP Code

**P. O. Box 401, Fordyce, AR 71742**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name SIGNODE INDUSTRIAL GROUP d/b/a SHIPPERS PRODUCTS **ILLINOIS TOOL WORKS, INC. D/B/A/ ITW Shippers** | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | **101 - 200** | **(870) 352-5700** |

Street Address   City, State and ZIP Code

**300 South Edgar, Fordyce, AR 71742**   *BS 3-11-17*(Initials/date)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address   City, State and ZIP Code

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | Earliest **07-25-2016**   Latest **01-13-2017** |
| ☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION  ☐ OTHER *(Specify)* | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired April 7, 1997, and my most-recent position was Lead Tester/Forklift Driver. All female supervisors have been demoted or fired. Promotions are "selected" and not posted and are all filled by males. I have complained of sexual harassment, denial of promotion, and harassment for years. I asked my supervisor about the status of my vacation time on December 20 and he told me it was approved. I asked for a copy and he again told me it was approved. I departed for vacation (December 21 – January 6). I saw my supervisor at a store on January 4 and he asked me if I had spoken with HR. I called HR on January 5, but she was out and I called her again on January 9. She told me not to come back until I heard from her. I was called in on January 13, 2017, and discharged.

I was told that I was a no call/no show.

I believe I and other females were harassed and discharged because of my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe I was discharged because of my age (48) in violation of the Age Discrimination in Employment Act of 1967, as amended. Finally, I believe I was discharged in retaliation for filing grievances and reporting harassment to the Plant Manager and HR.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Jan 25, 2017**   *[signature]*<br>Date   Charging Party Signature | JAN 25 2017<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

*Ex. B*

| | |
|---|---|
| To:    Betty J. Jackson<br>P. O. Box 401<br>Fordyce, AR 71742 | From:    Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |

[ ]    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2017-00544 | Rodney E. Phillips,<br>Investigator | (501) 324-6473 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.   Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

**NOV 1 4 2017**

| Enclosures(s) | William A. Cash, Jr.,<br>Area Office Director | *(Date Mailed)* |
|---|---|---|

cc:    Roger Pught
Human Resources Director
SIGNODE INDUSTRIAL GROUP, LLC D/B/A
SHIPPERS PRODUCTS
300 S. Edgar
Fordyce, AR 71742

John P. Scruggs
Attorney
SCRUGGS LAW
P. O. Box 25
Burnsville, NC 28714